UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 07-CV-278-KKC

TODD GRAY                                                                                           PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

COMMONWEALTH OF KENTUCKY, ET AL.                                  DEFENDANTS

Todd Gray, who is presently confined in the Western Kentucky Correctional Complex located in Fredonia, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 2]. He has also filed a motion to proceed *in forma pauperis* [Record No. 3], which motion the Court will address by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district

court can dismiss a case at any time if it determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) the Commonwealth of Kentucky; and (2) Cletus Maricle, Judge of the Clay County Circuit Court.

## ALLEGATIONS OF THE COMPLAINT

Summarized, the plaintiff states that on May 17, 2004 he entered a plea agreement in Clay Circuit Court Case No. 03-CR-00033-003, and that his sentence was imposed in that case on June 3, 2004. Plaintiff alleges that the terms of his plea agreement therein stipulated that his time served in that case was to run concurrent with the sentence imposed in *another* then pending case in which he was a defendant, being the Clay Circuit Case No. 03-CR-00022-003.[1] Plaintiff states that he was later sentenced in the 03-CR-00022-001 proceeding on October 3, 2005.[2]

Plaintiff alleges that Judge Maricle failed to honor the terms of the plea agreement reached in Case No. 03-CR-00033-003 when he imposed the sentence in the subsequently disposed of case, 03-CR-00022-001. Plaintiff alleges that Judge Maricle stated that he would not run the sentences concurrently because such action was barred by statute, and that by statute, he (Judge Maricle) was required to run the two sentences consecutive to each other.

Plaintiff alleges that his rights under the Sixth and Fourteenth Amendments of the United States Constitution have been violated. While the plaintiff's allegations could broadly be read

---

[1] Clay County Circuit Judge Cletus Maricle presided over both criminal proceedings.

[2] Plaintiff provides no details about the nature of the criminal charges filed against him in either proceeding. Other documents discussed *infra* indicate that the charges in Clay Circuit Action No. 03-00033-003 were burglary in the 2nd Degree and Robbery in the 1st Degree.

to describe a possible claim of denied due process under the Fourteenth Amendment of the United States Constitution, the Court can ascertain no claim arising under the Sixth Amendment of the United States Constitution (right to counsel in a criminal proceeding).

## RELIEF REQUESTED

In this § 1983 action, the plaintiff seeks unspecified monetary damages from the named defendants [Complaint, Record no. 2-1, p.8].

## KENTUCKY COURT OF APPEALS ACTION

The Court takes judicial notice of the fact that on January 11, 2007, the plaintiff filed a *pro se* "Petition for Writ of Mandamus" in the Kentucky Court of Appeals. The case is styled *Todd Gray (Appellant) v. Hon. Cletus Maricle et al. (Appellees)*, Case No. 2007-CA-95-OA ("the Kentucky Court of Appeals Action.")[3]

In the petition filed in the Kentucky Court of Appeals Action, the plaintiff asserted the same basic claim which he raises in the instant § 1983 proceeding. Plaintiff alleged that Clay Circuit Judge Cletus Maricle erred when he failed, or refused, to run plaintiff's two criminal sentences concurrent to each other, as provided in the plea agreement reached in Clay Circuit Action No. 03-CR-00033-003. He therefore asked the Kentucky Court of Appeals to exercise its extraordinary power of mandamus and enter an Order *requiring* Judge Maricle to run the two sentences concurrent to each other.[4]

---

[3] The plaintiff also named John D. Rees, Commissioner of the Kentucky Department of Corrections ("KDOC"), and the Commonwealth of Kentucky, as appellees in the Kentucky Court of Appeals Action.

[4] To that end, the plaintiff attached the June 3, 2004 KDOC Presentence Investigation Report which notes that the Commonwealth did in fact recommend that the sentence imposed in 03-CR-00033-003 be run concurrent with Clay Circuit Court Case No. 03-CR-00022-001.

Review of the Docket Sheet in the Kentucky Court of Appeals Action reveals that on March 7, 2007, the Kentucky Court of Appeals entered an Order denying the plaintiff's motion to proceed *in forma pauperis* [Ky. Ct. App. Docket # 5]. On July 3, 2007, that court entered a subsequent Order denying the plaintiff's request to reconsider its ruling requiring the payment of the $125.00 appellate filing fee [Ky. Ct. App. Docket # 9].

The August 21, 2007 entry (# 10) on the docket sheet from the Kentucky Court of Appeals Action states: "Return for Docket Review." The "Memo" entry to the side of that docket entry explains as follows: "No Response (Step 9) Returned to Staff Attorney." Thus, the Kentucky Court of Appeals Action is still pending. On August 10, 2007, while the Kentucky Court of Appeals Action was pending, the plaintiff filed the instant §1983 action in this Court.

DISCUSSION
1. Money Damage Claims Against Judge Maricle

The claims for damages against Judge Maricle in instant § 1983 action must be dismissed without prejudice under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id*. 481 U.S. at 17.

Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir.1996). Simply put, the *Younger* abstention doctrine counsels a federal court

4

to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001).

Here, application of the *Younger* abstention doctrine is appropriate. In the "Petition of for Writ of Mandamus" filed in the Kentucky Court of Appeals Action, the plaintiff specifically challenged Judge Maricle's decision not to run the two sentences concurrent with each other and asked the Kentucky Court of Appeals to order Judge Maricle to run the sentences concurrently. The Kentucky Court of Appeals Action is now pending, ready for that court's disposition.

In the instant proceeding, all of the criteria mandating abstention have been met. The first and second prongs of the analysis are satisfied because there is an ongoing state court proceeding, being the Kentucky Court of Appeals Action, in which the plaintiff has an opportunity to litigate his constitutional claims arising from Judge Maricle's decision to impose consecutive sentences.

The third prong of the inquiry is satisfied because the Commonwealth of Kentucky has a legitimate and important state interest in its policies concerning the imposition of criminal sentences. *Younger* abstention principles prevent this Court from interfering with the plaintiff's mandamus proceeding, now pending in the Kentucky Court of Appeals. The claims for damages against Judge Maricle will be dismissed *without* prejudice.

2. <u>Money Damage Claims Against the Commonwealth of Kentucky</u>

To the extent that the plaintiff seeks damages from Defendant the Commonwealth of Kentucky, it, as a State of the United States, it is protected from suit under 42 U.S.C. §1983, pursuant to the doctrine of sovereign immunity, the Eleventh Amendment of the U.S. Constitution, and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989), holding that

a State is not a "person" susceptible to suit  For that reason, the claims for damages against the Commonwealth of Kentucky will be dismissed *with* prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  The claims under § 1983 for money damages against Judge Maricle will be dismissed without prejudice.

(2)  The claims under § 1983 for money damages against the Commonwealth of Kentucky will be dismissed with prejudice.

(3)  This action [07-CV-278-KKC] is **DISMISSED** *sua sponte* from the docket of the Court.

(4)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 27th day of August, 2007.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge